NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  TZU LING HSU,<br><br>             Debtor.<br>_____<br><br>TZU LING HSU,<br><br>             Appellant,<br><br>  v.<br><br>MTC FINANCIAL, INC.,<br><br>             Appellee. | No.    16-55454<br><br>D.C. No. 2:15-cv-09836-AG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 7, 2017**
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and BOLTON,*** District
Judge.

_____

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***       The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Debtor Tzu Ling Hsu ("Debtor") appeals the district court's order dismissing her bankruptcy appeal as untimely. We have subject matter jurisdiction under 28 U.S.C. §§ 158(d), 1291 and review the decision of the district court de novo. *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008).

Debtor argues that her appeal was timely because she filed her appeal to the district court the day after a scheduled ECF outage, specifically arguing that because ECF was unavailable for a portion of the deadline date, she could file the following day. We disagree and affirm the order of the district court.

While there is ordinarily mandatory electronic case filing, local bankruptcy rules make clear that despite an ECF outage, Debtor's proper recourse on the deadline was to file a paper hard copy by November 30 at midnight, not to wait another day as if the clerk was "unavailable" under the Federal Rules of Bankruptcy Procedure. The Central District of California's Court Manual,[1] which is explicitly incorporated into the local bankruptcy rules, contemplates the situation here. In the section labeled CM/ECF Outage Procedures (defined in part as scheduled outages), the Manual says that a litigant "should file a hard copy of the

---

[1] The Central District of California Bankruptcy Court notes that "[t]he Court Manual is an adjunct to the LOCAL BANKRUPTCY RULES (LBRs) and is incorporated in the LBRs." Bankr. C.D. Cal. Manual (June 12, 2017), http://www.cacb.uscourts.gov/court-manual.

2

relevant documents manually at the filing window" "whenever it is essential that a particular document be filed by a particular date" including when "[t]he Bankruptcy Code or the Federal Rules of Bankruptcy Procedure establish a specific deadline for the filing of the documents in question that will run prior to the Resumption of [ECF] Service."  Bankr. C.D. Cal. Manual § 3.12(a)(1)(B), http://www.cacb.uscourts.gov/sites/cacb/files/documents/court-manual/CtManual_Sec3.pdf. Because Debtor's appeal was untimely, the district court lacked jurisdiction to hear the appeal. *Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007).

**AFFIRMED.**